IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IVAN DENNINGS CALES,

    Petitioner,

v.

                                                                                                                                                                            No. 22-cv-723-WJ-KK

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, *et al.*,

    Respondents.

**ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION FOR HEARING**

THIS MATTER is before the Court on Petitioner Ivan Dennings Cales' Motion, Pro Se, for Appointment of Counsel, filed September 26, 2022, (Doc. 2) ( "Motion to Appoint Counsel"), and Pro Se Motion to Request an Evidentiary Hearing, filed November 2, 2022, (Doc. 6) ("Motion for Hearing"). Petitioner is a prisoner in the custody of the State of New Mexico Corrections Department who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in a petition pending before this Court. (Doc. 1.) He seeks the appointment of counsel to assist him in pursuing his claims and an evidentiary hearing. For the reasons that follow, the motions shall be denied.

1. <u>Motion to Appoint Counsel</u>

"There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Whether to appoint counsel in a § 2254 proceeding is generally a matter within the Court's discretion. *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). In making this determination, the Court considers the merits of the petitioner's claims, the nature and complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Considering these factors in the context of the present case, the Court will not request a local attorney to represent Petitioner on a *pro bono* basis. The Court has reviewed the Petition and the Attorney General shall be required to file an answer. The Court notes, however, that Petitioner's claims do not present particularly complex legal or factual issues and Petitioner appears to have an adequate understanding of the issues and to be representing his interests in a capable manner. The Court will therefore deny the Motion to Appoint Counsel.

2. Motion for Hearing

Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that if

> [a habeas] petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any material submitted [pursuant to an order to expand the record] under Rule 7 to determine whether an evidentiary hearing is warranted.

Cales' Petition has survived screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the Attorney General shall be required to file an answer. The Court will determine whether to hold an evidentiary hearing after reviewing the answer, the pertinent filings from the state courts, and any other relevant materials. Petitioner's Motion for Hearing is premature and shall be denied.

**IT IS THEREFORE ORDERED** that the Motion to Appoint Counsel **(Doc. 2)** and the Motion for Hearing **(Doc. 6)** are **DENIED**.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE